**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO:**

ASHLEY RAMOS-RIVERA, and
all others similarly situated under
*29 U.S.C. 216(b),*

    Plaintiff(s),

    v.

REDROCK TRAVEL GROUP, LLC,
CARDIFF LEXINGTON CORPORATION,
JAY JAHID, individually,
FERNANDA JAHID, individually, and
ROLLAN ROBERTS, individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff, ASHLEY RAMOS-RIVERA ("Plaintiff"), pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendants, REDROCK TRAVEL GROUP, LLC ("REDROCK"), CARDIFF LEXINGTON CORPORATION ("CARDIFF"), JAY JAHID ("J. JAHID"), FERNANDA JAHID ("F. JAHID"), and ROLLAN ROBERTS ("ROBERTS"), individually (collectively referred to hereinafter as "Defendants"), on behalf of himself, and all others similarly situated, and alleges:

### INTRODUCTION

1. Defendants have unlawfully deprived Plaintiff, and all other employees similarly situated, of federal minimum wage compensation during the course of their employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-*

*216*, to recover all wages owed to Plaintiff, and those similarly situated to Plaintiff, during the course of their employment.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of the Middle District of Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, REDROCK, was a Florida limited liability company located and transacting business within Orlando, Florida, within the jurisdiction of this Honorable Court.  REDROCK operates its principal location at 11951 International Drive, Suite 2B1 in Orlando, Florida 32821.

4. During all times material hereto, Defendant, J. JAHID, was and is a resident of the Middle District of Florida and was managing member, owner, CEO, and operator of REDROCK within Orlando, Florida.

5. During all times material hereto, Defendant, J. JAHID, was over the age of 18 years, and was vested with ultimate control and decision-making authority over the hiring, firing, and pay practices for Defendant, REDROCK, during the relevant time period.

6. During all times material hereto, Defendant, F. JAHID, was and is a resident of the Middle District of Florida and was Controller of REDROCK within Orlando, Florida.

7. During all times material hereto, Defendant, F. JAHID, was over the age of 18 years, and was vested with ultimate control and decision-making authority over the payroll and pay practices for Defendant, REDROCK, during the relevant time period, and further acted on behalf of REDROCK as its Controller.

8. During all times material hereto, Defendant, CARDIFF[1], was a Colorado corporation transacting business within Orlando, Florida, within the jurisdiction of this Honorable Court. CARDIFF operates its registered address in the State of Florida at 401 E. Las Olas Blvd. Suite 1400, Fort Lauderdale, Florida 33301.

9. During all times material hereto, Defendant, ROBERTS, was over the age of 18 years, and was a corporate officer, and vested with ultimate control and decision-making authority over the hiring, firing, and pay practices for Defendant, CARDIFF, during the relevant time period.

10. Defendant, REDROCK was Plaintiff's employer, as defined by *29 U.S.C. § 203(d),* during all times pertinent to the allegations herein.

11. Defendant, J. JAHID, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

12. Defendant, F. JAHID, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

13. Defendant, CARDIFF, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

14. Defendant, ROBERTS, was also Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

15. All acts and omissions giving rise to this dispute took place within Orlando, Florida.

---

[1] On information and belief, Cardiff International Inc. filed its Certificate of Domestication in the State of Florida on August 22, 2014, and filed Articles of Amendment to the Articles of Incorporation to change its named to Cardiff Lexington Corporation on December 27, 2017.

16. Defendant, REDROCK, is headquartered and regularly transacts business in Orlando, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

17. Defendant, CARDIFF, regularly transacts business in Orlando, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. 216(b)* and *28 U.S.C. 1331* and *1337*.

18. Defendant, ROBERTS, purposefully availed himself of the privileged of doing business in the State of Florida and has violated federal law in the State of Florida, and is therefore subject to long-arm jurisdiction under Florida law.

19. Venue is proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

20. Defendant, REDROCK, specializes in developing leads for timeshare and vacation club industries and has been operating in the State of Florida since 2014.

21. Defendant, REDROCK, also provides discounted theme park tickets, highly discounted travel, and engages in significant online, media, and offline advertising that directs traffic to online websites or to state-of-the-art call centers.

22. In May 2018, CARDIFF, engaged in a definitive merger agreement with REDROCK under which REDROCK merged into CARDIFF as its subsidiary in an all-stock transaction.

23. As a result of the merger, CARDIFF took control of REDROCK operations and all of its employees and agents.

24. Defendant, REDROCK, is not exempt from FLSA coverage.

25. Defendant, CARDIFF, is not exempt from FLSA coverage.

26. Defendant, REDROCK, is covered under the FLSA through enterprise coverage, as REDROCK was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, REDROCK was also engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, REDROCK's business and Plaintiffs' work for REDROCK affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

27. During her employment with Defendant, REDROCK, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: telephones, wirings, pens, notepads, computers, cellular telephones, order forms, and other office related items.

28. Defendant, REDROCK, also regularly employed two (2) or more employees for the relevant time period, who handled goods or materials similar to those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, REDROCK's business an enterprise covered by the FLSA.

29. Upon information and belief, Defendant, REDROCK, grossed or did business in excess of $500,000.00 during the years of 2016, 2017, 2018, and is expected to gross in excess of $500,000.00 in 2019.

30. Defendant, CARDIFF, is covered under the FLSA through enterprise coverage, as CARDIFF was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, CARDIFF was also engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies.

Defendant, CARDIFF's business and Plaintiffs' work for CARDIFF affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

31. During her employment with Defendant, CARDIFF, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: telephones, wirings, pens, notepads, computers, cellular telephones, order forms, and other office related items.

32. Defendant, CARDIFF, also regularly employed two (2) or more employees for the relevant time period, who handled goods or materials similar to those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, CARDIFF's business an enterprise covered by the FLSA.

33. Upon information and belief, Defendant, CARDIFF, grossed or did business in excess of $500,000.00 during the years of 2016, 2017, 2018, and is expected to gross in excess of $500,000.00 in 2019.

34. During all material times hereto, Plaintiff, and all others similarly situated, was a non-exempt employee of Defendants, REDROCK, CARDIFF, JAHID, and ROBERTS, within the meaning of the FLSA.

35. Plaintiff worked as a non-exempt employee for Defendants, REDROCK and CARDIFF during time periods within the last three (3) years.

36. During all time periods hereto, Defendants, J. JAHID, F. JAHID, and ROBERTS, maintained control over the day-to-day operations of REDROCK and CARDIFF, including the payroll, hiring, firing, and scheduling duties.

37. Defendant, J. JAHID, was the managing member of Defendant, REDROCK, and controlled the company's payroll practices, and was vested with ultimate decision-making authority for Defendant, REDROCK.

38. Defendant, F. JAHID, was the Controller of Defendant, REDROCK, and controlled the company's payroll practices, and was vested with ultimate decision-making authority on pay practices for Defendant, REDROCK.

39. Defendant, ROBERTS, was a corporate officer of Defendant, CARDIFF, and controlled the company's payroll practices, and was vested with ultimate decision-making authority for Defendant, CARDIFF.

40. Plaintiff, and similarly situated individuals, were employed by Defendants, REDROCK and CARDIFF, as a non-exempt employee whose duties comprised of assisting in the sales divisions.

**FLSA Violations During Plaintiff's Employment**

41. During Plaintiff's employment, the Defendants, REDROCK, CARDIFF, J. JAHID, and ROBERTS, assigned Plaintiff to work multiple workweeks in which Defendants failed and refused to compensate Plaintiff.

42. From October 22, 2018, through October 28, 2018, Defendants failed to properly compensate Plaintiff pursuant to federal law for the hours she worked.

43. From October 29, 2018, through November 2, 2018, Defendants failed to properly compensate Plaintiff pursuant to federal law for the hours she worked.

44. From November 5, 2018, through November 11, 2018, Defendants failed to properly compensate Plaintiff pursuant to federal law for the hours she worked.

45. Defendants failed to properly compensate Plaintiff pursuant to federal law for hours worked in these workweeks, notwithstanding the fact that Plaintiff performed work for the benefit of Defendants.

46. Plaintiff worked an average of at least 37.5 hours per week during this time period.

47. Accordingly, Plaintiff is entitled to recover at least $271.87 per week for each of these three (3) workweeks in which Defendants refused to pay Plaintiff for a total of $815.62.

48. However, Defendants' actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages for wages in the amount of $815.62.

## **Plaintiff Exercises His Rights**

49. On or about December 6, 2018, Plaintiff, through undersigned counsel, informed Defendants of their violations of law.

50. Defendants have failed to properly compensate Plaintiff pursuant to federal law notwithstanding Plaintiff's pre-suit efforts to resolve this dispute.

51. Minimum wage payments to Plaintiff remain due and owing.

52. During Plaintiff's employment, the Defendants failed to maintain adequate and contemporaneous time records as required by the FLSA.

53. Defendants were either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, *intentionally violated federal law* so that the Defendants could avoid having to pay Plaintiff, and others similarly situated, their lawful (and hard-earned) wages.

54. Based upon Defendants' intentional and/or willful violations of the FLSA, the three (3) year statute of limitations applies instead of the two (2) year statute of limitations.

55. As a result of the above violations of federal law, Plaintiff has had retain the undersigned counsel to prosecute these claims and is therefore entitled to an award of reasonable attorney's fees and costs under the FLSA.

### COUNT I – FEDERAL MINIMUM WAGE LAW VIOLATIONS – *29 U.S.C. § 206*
(**against All Defendants**)

56. Plaintiff re-avers and re-alleges Paragraphs 1 through 56 above, as though fully set forth herein.

*57.* Plaintiff alleges this action pursuant to the Fair Labor Standards Act, *29 U.S.C. § 216(b)*.

58. Plaintiff is entitled to: (i) federal minimum wages; and (ii) liquidated damages pursuant to the FLSA.

59. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to *29 U.S.C. 216(b)*.

WHEREFORE, Plaintiff, ASHLEY RAMOS-RIVERA, demands judgment against Defendants, REDROCK TRAVEL GROUP, LLC, CARDIFF LEXINGTON CORPORATION, JAY JAHID, individually, FERNANDA JAHID, individually, and ROLLAN ROBERTS, individually, and respectfully requests that he be awarded the following relief: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff, ASHLEY RAMOS-RIVERA, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 25th day of January, 2019.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC**
805 East Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Ashley Ramos-Rivera*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
jordan@jordanrichardspllc.com
melissa@jordanrichadrspllc.com
livia@jordanrichardspllc.com
jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 25th of January 2019.

By: */s/ Jordan Richards, Esquire*
JORDAN RICHARDS, ESQ.
Florida Bar No. 108372

## SERVICE LIST: