UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ASHLEY RAMOS-RIVERA,**

      **Plaintiff,**

v.                                   **Case No:  6:19-cv-174-Orl-22GJK**

**REDROCK TRAVEL GROUP, LLC,
CARDIFF LEXINGTON
CORPORATION, JAY JAHID,
FERNANDA JAHID, and ROLLAN
ROBERTS II,**

      **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO STRIKE REDROCK'S AFFIRMATIVE DEFENSES (Doc. No. 29)** |
| **FILED:** | April 9, 2019 |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part** and **DENIED in part**.

On February 7, 2019, Plaintiff filed a Complaint against Defendants alleging violations of the Fair Labor Standards Act ("FLSA").  Doc. No. 5.  Plaintiff alleges that she was employed by Defendants Redrock Travel Group, LLC ("Redrock") and Cardiff Lexington Corporation ("Cardiff") and that the other Defendants were her employers as well based on control over day-to-day operations.  Doc. No. 5.  Plaintiff seeks unpaid wages and liquidated damages under the FLSA.  Doc. No. 5.

On March 20, 2019, Redrock filed an answer and affirmative defenses. Doc. No. 24. On April 9, 2019, Plaintiff filed a Motion to Strike Redrock's Affirmative Defenses (the "Motion"). Doc. No. 29.  On April 22, 2019, Redrock filed a response to the Motion. Doc. No. 32.[1]

"'[A]n affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters.'" *VP Props. & Devs., LLP v. Seneca Specialty Ins. Co.*, 645 F. App'x 912, 916 (11th Cir. 2016) (quoting *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989)).[2] Federal Rule of Civil Procedure 12(f) states that the Court may strike an insufficient defense. "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). The Court may also strike "any redundant, immaterial, impertinent, or scandalous matter." *Id*.  Courts have wide discretion in passing on a motion to strike.  *Id*.  Motions to strike are generally disfavored, and they "will be denied unless the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." *Ayers v. Consol. Constr. Servs. of SW Fla., Inc.*, No. 2:07-cv-123-FtM-29DNF, 2007 WL 4181910, at *1 (M.D. Fla. Nov. 26, 2007). "An affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under

---

[1] The Motion's 3.01(g) certification reflects that despite Plaintiff's attempt to confer in a good faith conference prior to filing the Motion, defense counsel refused to confer, requested a written explanation of the objections, and still failed to respond to Plaintiff's request for defense counsel's position on the Motion before it was filed.  Doc. No. 29 at 11, 12.  This is unacceptable.  Defense counsel's request for a written explanation of the basis for the Motion is contrary to the plain language of Local Rule 3.01(g).  Defense counsel is cautioned that counsel has an obligation to respond to a request for a Rule 3.01(g) conference.  *See also* Board of Governors of the Florida Bar, Ideals and Goals of Professionalism ¶ 6.10 ("Counsel must respond promptly to inquiries and communications from opposing counsel.").  Failure to comply with requirements of Rule 3.01(g) in the future will result in the imposition of sanctions.

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

any set of facts which it could prove." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995). If "a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Id.* Affirmative defenses that do not admit the complaint's factual allegations, but are vehicles to attack the sufficiency of the complaint are treated as denials by courts within this district and are generally not stricken. *See Heath v. Deans Food T.G. Lee*, No. 6:14-CV-2023-ORL-28, 2015 WL 1524083, at *2 (M.D. Fla. Apr. 2, 2015) (treating negative averment labelled as an affirmative defense as a specific denial, rather than striking it); *Tanney v. Holding Co. of the Villages, Inc.*, No. 5:10–cv–134–Oc–32JRK, 2010 WL 4659604, at *1 (M.D. Fla. Nov. 9, 2010) (defendant's allegations that plaintiff was not an employee and all wages were paid pointed out defects in plaintiff's prima facie case and were treated as denials).

Plaintiff moves to strike Redrock's First and Second Affirmative Defenses on the grounds each one is a mere denial. Doc. No. 29 at 3, 4. Redrock's First Affirmative Defense asserts: "Plaintiff has failed to state a cause of action upon which relief can be granted." Doc. No. 24. The Second Affirmative Defense asserts: "Plaintiff was paid for all hours worked in accordance with the applicable statutes." Doc. No. 24. As stated above, this Court routinely denies motions to strike affirmative defenses that are denials. The First and Second Affirmative Defenses are denials. Thus, the Court rejects this basis for striking the First and Second Affirmative Defenses. *See S.E.C. v. BIH Corp.*, No. 2:10-CV-577-FTM-29, 2013 WL 1212769, at *3 (M.D. Fla. Mar. 25, 2013) (refusing to strike affirmative defenses that were in actuality denials).

Plaintiff moves to strike Redrock's Third, Fourth, and Fifth Affirmative Defenses because there is no requirement that Plaintiff provide notice of an alleged wage violation, no duty to mitigate damages, and no available defense of estoppel, laches, waiver, or otherwise. Doc. No. 29

at 5, 6. The Third Affirmative Defense asserts: "The action and/or the damages claimed in this action are barred by Plaintiff's failure to provide notice of any alleged unlawful pay practice and/or alleged hours worked." Doc. No. 24. The Fourth Affirmative Defense asserts that Plaintiff has a duty to mitigate damages. Doc. No. 24. The Fifth Affirmative Defense states that the "action and/or damages claimed in this action are barred by res judicata, waiver, estoppel (collateral or otherwise), laches, satisfaction, release or agreement." Doc. No. 24.

In its Response, Redrock argues that Plaintiff has an obligation to report the hours she worked before claiming that she was unpaid. Thus, to the extent Plaintiff failed to report those hours for which she claims entitlement to compensation, Redrock can assert a lack of notice, a failure to mitigate by providing that notice, and equitable defenses based on Plaintiff's failure to report all of her hours. Doc. No. 32 at 5-7. Thus, Redrock argues its Third, Fourth, and Fifth Affirmative Defenses are sufficient.

Estoppel is a valid defense to an FLSA claim "where the employee affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours." *McGlothan v. Walmart Stores, Inc.*, No. 6:06-cv-94, 2006 U.S. Dist. LEXIS 39208, at \*5 (M.D. Fla. June 14, 2006) (citing *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).[3] However, waiver is generally unavailable as an affirmative defense as the provisions of the FLSA are mandatory and not subject to waiver. *Caballero v. Lantern Motors, Inc.*, No. 2:14-cv-641, 2015 U.S. Dist. LEXIS 68289, at \*5-6 (M.D. Fla. May 27, 2015) (citing *Groves v. Patricia J. Dury, M.D., P.A.*, No. 2:06-cv-338, 2006 U.S. Dist. LEXIS 39208, at

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

\*2 (M.D. Fla. Sept. 1, 2006)).  To assert an affirmative defense of waiver, facts must be alleged which would take this case outside the general rule.  *Id.*  Laches is unavailable as an affirmative defense in an FLSA case.  *Groves*, 2006 U.S. Dist. LEXIS 39208, at \*4 (citing *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1320 (S.D. Fla. 2005)).  With respect to res judicata, satisfaction, release or agreement, Defendant has alleged no facts to support those defenses.  The Court will strike the Third, Fourth, and Fifth Affirmative Defenses with leave to amend so that Redrock may clarify its factual basis to support its claims of lack of notice, failure to mitigate damages, estoppel, and any other remaining equitable defenses.

Plaintiff moves to strike Redrock's Sixth Affirmative Defense which asserts that "[t]he damages Plaintiff may recover in this action are restricted by the statutes and acts which form the basis for the cause of action."  Doc. No. 24.  Plaintiff claims the defense is vague.  Doc. No. 29 at 8.  Redrock claims that it is asserting a statutory defense based on the statute of limitations but cannot do so with any further specificity due to Plaintiff's lack of specific allegations and the lack of discovery.  Doc. No. 32 at 7.  Although that is not what is stated in the Sixth Affirmative Defense, Redrock claims it should be interpreted as raising the statute of limitations defense.  The statute of limitations is an affirmative defense specifically identified in Federal Rule of Civil Procedure 8(c)(1).  Thus, the Sixth Affirmative Defense will be stricken and Redrock will be granted leave to amend its Sixth Affirmative Defense to specifically plead the statute of limitations as a defense.

Plaintiff moves to strike Redrock's Seventh Affirmative Defense which asserts that "Plaintiff is not entitled to liquidated damages because Defendant did not willfully or otherwise violate the law; and, if any violation is established, Defendant had a good faith belief that they were in compliance with the law."  Doc. No. 24.  Plaintiff argues that this defense cannot survive

unless it is specifically plead as a "good faith" defense and Redrock has failed to allege facts to establish such a defense. Doc. No. 29 at 8-9. The Seventh Affirmative Defense claims Redrock acted in good faith to comply with the FLSA. Doc. No. 24. The defense is sufficient to put Plaintiff on notice and is not otherwise patently frivolous or invalid as a matter of law. *Microsoft Corp.*, 211 F.R.D. at 683. Thus, the Court will not strike this defense.

Plaintiff moves to strike Redrock's Eighth Affirmative Defense which asserts that the "amounts owed, if any, are *de minimus*, and may be cured." Doc. No. 24. Plaintiff argues that this defense is lacking additional factual allegations. Doc. No. 29 at 9. A *de minimus* defense can be asserted under the FLSA. *Dougan v. Armitage Plumbing, LLC*, No. 6:11-cv-1409, 2011 U.S. Dist. LEXIS 136993, at *4-5 (M.D. Fla. Nov. 14, 2011). The defense is sufficient to put Plaintiff on notice and is not otherwise patently frivolous or invalid as a matter of law. *Microsoft Corp.*, 211 F.R.D. at 683. Thus, the Court will not strike this defense.

Plaintiff moves to strike Redrock's Ninth Affirmative Defense which asserts that the "number of hours claimed by Plaintiff should be reduced and Plaintiff's claims should be denied due to Plaintiff's unclean hands." Doc. No. 24. Plaintiff argues that unclean heads is only applicable in FLSA cases where a defendant alleges Plaintiff's wrongdoing directly related to his claim and Defendant was personally injured by Plaintiff's conduct. Doc. 29 at 10. Redrock argues that unclean hands is a proper defense. Doc. No. 32 at 8. While Redrock can raise unclean hands as a defense, the defense as plead is conclusory. This affirmative defense will be stricken with leave to amend because Redrock has failed to allege the underlying basis for its unclean hands defense. *Pedro-Mejia v. Franco Plastering, Inc.*, No. 2:17-cv-452, 2018 U.S. Dist. LEXIS 29052, at *4-5 (M.D. Fla. Feb. 23, 2018); *McGlothan*, 2006 U.S. Dist. LEXIS 39208, at *6-7 (finding

defendant's allegation that the unclean hands was caused by Plaintiff's violation of company policies satisfied the notice pleading requirement).

Plaintiff moves to strike Redrock's Tenth Affirmative Defense which asserts a reservation of the right to state additional affirmative defenses as discovery proceeds because it is not an affirmative defense and should be stricken.  Doc. No. 29 at 10.  Plaintiff fails to demonstrate any prejudice he may suffer should the defense not be stricken.  Thus, the Court rejects this basis for striking the reservation of right.  *See Metzger v. City of Naples*, No. 2:14-CV-363-FTM, 2014 WL 5038120, at *5 (M.D. Fla. Oct. 8, 2014) (refusing to strike reservation of right to amend affirmative defenses as the language did not prejudice the opposing parties).

Finally, Plaintiff moves to strike Redrock's claim for attorney's fees.  Doc. No. 29 at 10.  Plaintiff argues that a request for attorney's fees does not respond to the allegations of the Complaint and that Redrock has not provided any facts to support a claim of bad faith.  Doc. No. 29 at 11.  Redrock argues that there is a possibility it may be entitled to attorney's fees if it is shown that Plaintiff acted in bad faith.  Doc. No. 32 at 8.  A defendant may recover its fees in an FLSA action if the plaintiff acted in bad faith.  *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1544 (11th Cir. 1985).  Because attorney's fees may be available to an FLSA defendant under certain circumstances, courts in this district "routinely deny motions to strike these prayers for relief."  *Mandujano v. Freight Handlers, Inc.*, No. 8:17-cv-479, 2017 U.S. Dist. LEXIS 93536, at *5 (M.D. Fla. June 19, 2017).

Accordingly, it is **ORDERED** that the Motion (Doc. No. 29) is **GRANTED in part** and **DENIED in part** as follows:

1. The Motion is **GRANTED** as to Redrock's Third, Fourth, Fifth, Sixth, and Ninth Affirmative Defenses;

    2.    Redrock's Third, Fourth, Fifth, Sixth, and Ninth Affirmative Defenses are stricken with leave to amend;

    3.    Redrock may file amended affirmative defenses within fourteen (14) days from the date of this Order; and

    4.    The remainder of the Motion is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida, on April 29, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties