**SETTLEMENT AGREEMENT AND RELEASE**

**THIS SETTLEMENT AGREEMENT** is made and entered into this _____ day of December, 2019 ("Agreement") by and between ASHLEY RAMOS-RIVERA ("Ramos") and CARDIFF LEXINGTON CORPORATION, ("Cardiff"), and ROLLAN ROBERTS II ("Roberts") (collectively referred to as "the Defendants").

**WHEREAS**, Ramos has asserted claims in the lawsuit pending in the United States District Court Middle District of Florida, Orlando Division, Case No. 6:19-cv-174-ACC-GJK (the "Lawsuit") for allegations of violations of wage laws pursuant to Fair Labor Standards Act ("FLSA").

**WHEREAS**, this Agreement is made as the result of a bona fide dispute between Ramos and the Defendants regarding the validity of the Lawsuit and the purported claims that underlie the Lawsuit;

**WHEREAS**, Ramos and the Defendants desire to amicably resolve the Lawsuit and any and all claims or potential liability they may have to Ramos; and

**WHEREAS**, Ramos and the Defendants have entered into good faith discussions resulting in this Agreement, and Ramos and the Defendants believe that this Agreement is in their mutual interest.

**NOW THEREFORE**, in consideration of the foregoing and other promises and mutual covenants contained herein, and other good and valuable consideration, it is agreed as follows:

1. The Defendants shall, jointly and severally, pay the total sums set forth below to Ramos in full and final settlement and release of the FLSA wage claims asserted or which could have been asserted against the Defendants in the Lawsuit. Upon receipt of Plaintiff's W-9, payment by Defendants shall be made within twenty (20) calendar days after case dismissal against the Defendants, whether by Order of the Court after Stipulation of Dismissal, approval of this Agreement by the Court (if required), or other related judgment of the Court. Payment shall be delivered to Ramos's counsel, Jordan Richards, Esquire, at 805 E. Broward Blvd., Suite 301, Fort Lauderdale, Florida 33301. Payment shall be made as one (1) check, made payable to **Jordan Richards PLLC Trust Account**, in the total amount of one thousand two hundred and fifty dollars and zero cents ($1,250.00). The settlement amounts below of a total of $250.00 were negotiated separately from attorneys' fees and costs to avoid any compromise to Ramos, and shall be allocated as follows:

| | |
|---|---|
| <u>RAMOS</u>: | A. $100.00 for wages due to Ramos which represents Ramos' claimed wages for hours worked, less applicable withholding, pursuant to her FLSA wage claim; |
| | B. $100.00 as payment to Ramos for her claim for liquidated damages under the FLSA; |
| | C. $50.00 as payment to Ramos for consideration for the general release. |
| <u>FEES / COSTS</u>: | D. $1,000.00 for attorneys' fees and costs for prosecution of Ramos's claims. This amount is broken down as follows: $500.00 for attorney's fees and $500.00 in costs (filing fee and service of process). This sum was negotiated separately and without regard to the payments to Ramos. |

The sums referenced above may be paid by one inclusive check, which shall be deemed received by Ramos when delivered to Ramos's counsel at USA Employment Lawyers - Jordan Richards, PLLC, 805 East Broward Boulevard, Suite 301, Fort Lauderdale, Florida 33301. Any tax consequences associated with such payments shall be the sole and exclusive responsibility and obligation of Ramos. Ramos hereby agrees to indemnify, defend, and hold the Defendants harmless of and from any tax liability in any way arising from or related to this Agreement or any payments made under this Agreement, which indemnity shall include any attorneys' fees or costs incurred in connection with defense of any tax liability asserted. Upon approval by the Court and subsequent payment of the settlement payment(s) referenced above, the Lawsuit will be dismissed with prejudice.

2. <u>FULL COMPENSATION</u>- The amounts Ramos will receive in Paragraph 1.A. above for unpaid wages is the full amount of monies alleged by Ramos to be owed, plus a full sum of liquidated damages in Paragraph 1.B. and her attorneys' fees and costs in Paragraph 1.C. Thus, by this Agreement, **Ramos agrees that she has been fully paid for the hours worked as alleged in this Lawsuit and her counsel has been paid the attorney's fees incurred for time spent litigating these claims**. Ramos agrees to release the Defendants from any other compensation, benefits or other payments of any nature from the Defendants for unpaid wages including unpaid wages, unpaid overtime, liquidated damages, or fees and costs in any manner arising under the FLSA for unpaid wages. Furthermore, Ramos acknowledges that the sums paid under Paragraph 1 are the result of a bona fide dispute with the Defendants, and these sums paid are intended to be **payment in full** for any liability the Defendants may have had in regard to these Claims.

Initial Each Page __*rr2*__ | _____     Page 2 of 5

3.  **RELEASE OF CLAIMS** - With the exception of the obligations arising under this Agreement, Ramos, irrevocably and unconditionally a General Release. For purposes of this provision, the Defendants, and the Defendants' parents, subsidiaries, divisions, affiliates, stockholders, predecessors, successors, assigns, agents, directors, insurers, professional employer organizations, officers, employees, representatives, and attorneys are referred to as "Releasees." In exchange for the above referenced consideration, Ramos and her descendants, dependents, heirs, executors, administrators, assigns, and successors, fully, finally and forever release and discharge Releasees from any and all claims and rights of any kind that she may have, whether now known or unknown, suspected or unsuspected, from the beginning of time to theses presents, including, but not limited to, claims for unpaid overtime wages as alleged in the Lawsuit pursuant to the Claims which include the FLSA, actions under 29 U.S.C. § 216 of the FLSA, record keeping requirements pursuant to the FLSA, notice posting requirements pursuant to the FLSA, liquidated damages or attorneys' fees pursuant to the FLSA, retaliation pursuant to 29 U.S.C. § 215(a)(3) of the FLSA, wage theft claims under local ordinances, wage theft claims under state law, and retaliation claims under any state law; Title VII of the Civil Rights Act of 1964, as amended (Title VII), the Age Discrimination in Employment Act of 1967 (ADEA), the Americans with Disabilities Act of 1990, as amended (ADA), the Older Workers Benefit Protection Act (OWBPA), the Family and Medical Leave Act of 1993 (FMLA), as well as claims arising out of or in any way connected with her employment or contractual relationship with Redrock Travel Group, LLC or Releasees or the ending of that relationship as of the date this Agreement is executed. These claims and rights released include, but are not limited to federal, state, civil or statutory laws, including any and all human rights laws and laws against discrimination or retaliation, any other federal, state or local fair employment or whistle-blower statute, code or ordinance, common law, contract law, tort (including claims regarding breach of oral or written contract, negligent misrepresentation, promissory estoppel, detrimental reliance, fraud, etc.), including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorneys' fees. Ramos represents that she knows of no claim against Defendants that she has that has not been released by this Paragraph and she intends this release to release Releasees to the maximum extent permitted by law.

4.  **BINDING EFFECT**- Ramos hereby represents and warrants that she has full and complete power and authority to grant the release of Claims contained herein, that there has been no assignment of any Claims of Ramos against the Defendants, and that there are no other Parties who are entitled to assert any of the Claims released herein. Ramos agrees that this Agreement binds her and also binds her heirs, executors, administrators, assigns, agents, and successors in interest as it relates to this Lawsuit only.

5.  **NO ADMISSION OF LIABILITY**- This Agreement shall not in any way be

construed as an acknowledgment or admission by the Defendants that any claims by Ramos validly exist or that any violation of any statutory provision, or any common law principle has occurred. Instead, this Agreement is made to avoid the cost and expense of litigation and entered into to reach a fair and reasonable compromise to resolve a bona fide dispute arising out the provisions of the FLSA with finality on a mutually agreeable basis.

6. SEVERABILITY - Should any provisions of this Agreement be declared or determined to be illegal or invalid, such provision shall be severed and the validity of the remaining parts, terms, or provisions shall not be affected thereby, and the illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement. The Parties agree that failure of any party to insist upon strict performance of this Agreement shall not be construed as a waiver of any rights to enforce this Agreement. No waiver of any breach or default hereunder shall be deemed a waiver of any subsequent breach or default.

7. ENFORCEMENT - In the event that any party breaches this Agreement and the other party seeks to enforce it, the prevailing party in any such action shall be entitled to recover damages, costs, out-of-pocket expenses, and reasonable attorneys' fees, including attorneys' fees and costs incurred in any appellate proceedings.

8. CONTROLLING LAW- This Agreement shall be governed and interpreted according to Florida law. Any action to enforce this Agreement shall have as its venue, Orange County, Florida.

9. FLSA ACKNOWLEDGMENT -To the extent this Agreement releases any claims for unpaid wages, liquidated damages or attorney's fees under the Fair Labor Standards Act, Ramos acknowledges that this settlement is fair and reasonable as to the Defendants. Ramos also acknowledges the Fair Labor Standards Act claims were the subject of a bona fide dispute between Ramos and the Defendants as to their validity and amount, and that the Defendants have asserted that certain defenses apply to this claim Notwithstanding this dispute, Ramos acknowledges that any wage claim (and any other alleged claims in the Lawsuit), have been fully paid by this Agreement and that Ramos has freely voluntarily agreed to accept payment to resolve any dispute as it relates to the Defendants.

10. NOTICE UNDER FLSA - This Agreement contains a waiver and release of wage claims that Ramos has alleged under the Fair Labor Standards Act. Ramos' acceptance of this Agreement and payments under this Agreement (which includes portions allocated to back wages that Ramos claimed as due under the Fair Labor Standards Act) means that Ramos has given up any right she may have to bring or continue a suit for unpaid wages under Section 216(b) of that Act as alleged in the Lawsuit. Section 216(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorneys' fees and court costs. The statute of limitations for Fair Labor Standards

Act suits requires that a suit for unpaid minimum wages and/or overtime compensation must be filed within 2 years of a violation of the Act, except that a suit for a willful violation must be filed within 3 years of the violation. Ramos should not sign this Agreement unless she believes it is a fair and reasonable settlement of his claims against the Defendants for back wages due under the FLSA as alleged in the Lawsuit.

By placing their signature on this Agreement, Ramos and the Defendants represent and certify that they have carefully read and studied this Agreement and fully understand all provisions and effects of this Agreement. Ramos and the Defendants further acknowledge that they have been represented by counsel and had the full opportunity to consult with their attorney prior to execution of this Agreement. Ramos represents that he is entering into this Agreement freely and voluntarily and that no representation(s) concerning the terms and effects of this Agreement have been made by the Defendants, their agents, representative or attorneys. The Defendants further acknowledge that they have retained counsel solely to represent them concerning the language and terms in this agreement, and based on their consultation with counsel, have made their decision to sign this agreement. Further, this Agreement will not become enforceable or effective until the Lawsuit has been dismissed by the Court after filing a Joint Motion for Court Approval of Settlement as to Defendants, Cardiff Lexington Corporation and Rollan Roberts II, or if it has been approved by the Court as required by other applicable law.

**IN WITNESS WHEREOF**, the Parties have duly executed this Agreement as of the day and year first above written.

_____
**Ashley Ramos-Rivera**

Date:_____

_[signature]_____
**Cardiff Lexington Corporation**

Date: ___December 16, 2019___

_[signature]_____
**Rollan Roberts, II**

Date:_December 13, 2019_____

Initial Each Page___*rr2*___|_____   Page 5 of 5